## CIRCUIT COURT OF LOUDOUN COUNTY

Brar

v.

Gibson

January 20, 1994

Case No. (Law) 13442

BY JUDGE THOMAS D. HORNE

Plaintiff has filed a motion to set aside the jury verdict and for a new trial. She asserts that the verdict award of $880.40 clearly reflects a disregard of the Court's damage instruction. As both counsel have observed, the award is precisely the amount due on the Kaiser Permanente billing statement of June 11, 1990. The Court finds that the instant case is distinguishable from the case principally relied upon by the Plaintiff. *Rome v. Kelly Springfield*, 217 Va. 943 (1977).

Accordingly, the Court will deny the motion and enter judgment in accordance with the jury verdict.

Plaintiff was a passenger in a motor vehicle involved in an accident on August 12, 1988. Liability of the Defendant was not contested. However, with the exception of emergency treatment immediately following the accident, Defendant challenged Plaintiff's damage claims.

*Rome, supra,* involved "serious" or "permanent" injuries attributable to an automobile accident. In the instant case, the jury might have concluded that the injuries suffered in the accident were neither serious nor of a permanent nature. In his case, Rome was able to establish, without contradiction, that as a result of the accident, he incurred $56,871.52 in medical expenses and lost wages of $23,047.00. With the exception of an emergency room visit, Ms. Brar's medical expense and lost wage claims were contradicted by other evidence in the case.

Contributory negligence was an issue in *Rome*. It involved a products liability claim against the manufacturer of an alleged defective

tire. The jury in *Rome* returned a verdict which fixed damages at $79,918.52. In setting aside the verdict as to liability and damages, the Supreme Court determined that the jury did not consider all elements of damages upon which they were instructed. That is, the verdict reflected only damages for lost wages and medical expenses and not the other five elements contained in the instructions of the court. In remanding *Rome* for a new trial on all issues, the court noted the probable influence of the liability issue on the damage issue in the case. No such inference can be made in the instant case in which liability was uncontested.

In *Bradner v. Mitchell*, 234 Va. 483 (1987), the Supreme Court distinguished the two lines of cases often cited in calculating the impact of special damages on the jury awards. Thus, the Court notes:

> The distinction between *Glass*, *Rome*, and *DeWald* on one hand and *Brown*, *May*, and *Doe* on the other lies in the differing quality of the plaintiff's evidence of special damages. Where the evidence is uncontroverted and so complete that no rational factfinder could disregard it (as it was in *Glass*, *Rome*, and *DeWald*), it must be considered as a fixed, constituent part of the verdict. When the remainder of the award consists of an amount which appears to the court insufficient to compensate the plaintiff for such non-monetary elements of damages as pain, suffering, deformity, loss of working capacity, and the like, where such are proven, the verdict should be set aside as inadequate.
>
> On the other hand, where the plaintiff's evidence of special damages is controverted, doubtful as to nature and extent, or subject to substantial question whether attributable to the defendant's wrong or to some other cause, as was the evidence in *Brown*, *May*, and *Doe*, then neither the trial court nor we, on appeal, can say that the plaintiff's special damages constituted any fixed part of the jury's verdict. In such a case, a rational factfinder might properly find the plaintiff entitled to considerably less than the amount claimed as special damages, rendering it impossible for the court to determine what amount might have been awarded for pain, suffering, and other non-monetary factors. In such a case, the verdict cannot be disturbed on a claim of inadequacy.

Therefore, there is no conflict between the two lines of authority represented by *Glass*, *Rome*, and *DeWald* on one hand and by *Brown*, *May*, and *Doe* on the other. The authority applicable to a given case depends upon the plaintiff's proof of special damages. We must, therefore, examine the plaintiff's evidence of special damages in this case to determine into which category it falls. *Bradner*, at 487, 488.

In the instant case, the jury might have fairly concluded that the significant damages suffered were as a result of a pre-existing condition and that her claims were grossly exaggerated.

It is not for this Court to substitute its judgment for that of the jury where their verdict is justified by the evidence. Accordingly, the motion is denied and judgment will be entered on the jury verdict.